UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, AND ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, <br><br>     Plaintiffs, <br><br> vs. <br><br> 21st CENTURY PHARMACY, INC., AND ALBERT ALISHAYEV, <br><br>     Defendants. | C.A. No. 1:17-cv-03731-WFK-SMG |

## PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO 21st CENTURY PHARMACY, INC.'S AND ALBERT ALISHAYEV'S COUNTERCLAIM

Plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company, and Allstate Property & Casualty Insurance Company (hereinafter "Allstate" or "Plaintiffs"), answer the Counterclaim interposed by Defendants 21st Century Pharmacy, Inc. ("21st Century") and Albert Alishayev ("Alishayev") (collectively, "Defendants") as follows:

### COUNTERCLAIM

1. Plaintiffs deny the allegations contained in paragraph 1.

2. Plaintiffs admit the allegations contained in paragraph 2.

3. Plaintiffs deny the allegations contained in paragraph 3.

4. Plaintiffs deny any factual allegations contained in paragraph 4 and leave all questions of law to the Court for its ultimate determination.

1

5. Plaintiffs deny the allegations contained in paragraph 5, but admit that the Allstate Claimants identified in Allstate's Complaint (ECF No. 1) assigned his/her benefits under New York's No-Fault laws to 21st Century.

6. Plaintiffs deny any factual allegations contained in paragraph 6 and leave all questions of law to the Court for its ultimate determination.

7. Plaintiffs deny the allegations contained in paragraph 7.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Defendants' Counterclaim fails to state a claim against the Plaintiffs upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The actions taken by the Plaintiffs were made in good faith, without malice and in conformity with any and all applicable laws.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

The actions taken by the Plaintiffs were in full accord with applicable State and Federal law and regulations, including the New York State Insurance Department's Regulations governing the investigation of claims for No-Fault benefits.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

All or part of the Defendants' Counterclaim is barred by the doctrine of unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

All or part of the Defendants' Counterclaim is barred by the doctrine of res judicata and/or collateral estoppel.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Defendants have failed to meet statutory and/or legal conditions precedent to bring some or all of the allegations contained in the Counterclaim.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

All or part of the Defendants' Counterclaim is barred or limited by 11 N.Y.C.R.R. § 65-4.6.

## JURY TRIAL DEMAND

The Plaintiffs demand a trial by jury on all claims.

[SIGNATURE PAGE FOLLOWS]

SMITH & BRINK, P.C.

/s/ Michael W. Whitcher
_____
Richard D. King, Jr. (RK8381)
rking@smithbrink.com
Nathan A. Tilden (NT0571)
ntilden@smithbtink.com
Michael W. Whitcher (MW7455)
mwhitcher@smithbrink.com
Jasmine G. Vieux (JG1805)
jvieux@smithbrink.com
Shauna L. Sullivan (SS5624)
ssullivan@smithbrink.com
1325 Franklin Ave., Suite 320
Garden City, NY 11530
(347) 710-0050 (phone)

Attorneys for the Plaintiffs,
*Allstate Insurance Company,*
*Allstate Indemnity Company,*
*Allstate Fire & Casualty Insurance Company, and*
*Allstate Property & Casualty Insurance Company*

Dated: July 26, 2017