RF THE RUSSELL FRIEDMAN
LAW GROUP, LLP

CHARLES HORN
PARTNER
DIRECT TEL.: 516.355.9694
DIRECT FAX: 516.355.9697
CHORN@RFRIEDMANLAW.COM

April 10, 2018

**VIA ECF**
Hon. Steven M. Gold
United States District Court
Eastern District New York
225 Cadman Plaza
Brooklyn, New York 11201

Re.: ***Allstate Ins. Co. v. 21st Century Pharmacy, Inc., et al.***
17-CV-03731 (WFK)(SMG); File No. L2597

Dear Judge Gold:

The Russell Friedman Law Group, LLP represents Defendants 21st Century Pharmacy, Inc. and Albert Alishayev ("Defendants') in connection with the above-referenced matter. Please accept this letter in response to Plaintiffs' application as against 21st Century, dated April 6, 2018. *DE 36*. While acknowledging that there were initial delays in procuring specific documentation, Defendants affirmatively maintain that Plaintiffs' application to this Court is premature and unfairly characterizes the status of discovery.

At the last Court conference on March 7, 2018, the parties informed the Court that they had met and conferred on specific demands made by Plaintiffs and that Defendants were still endeavoring to provide responses to the demands previously agreed upon. As a result of the Court conference, this Court directed that Defendants provide those documents, which Defendants had represented that they would provide by March 12, 2018. Defendants complied with this Court's directive, providing supplemental responses on March 12, 2018.

Thereafter, in a March 23, 2018 correspondence to Defendants, Plaintiffs expressed dissatisfaction with some of Defendants' supplemental responses. After reviewing Plaintiffs' objections, Defendants attempted to set up a time for the parties to meet and confer regarding Plaintiffs' said objections, some of which involved the manner of disclosure rather than its substance, i.e. the spreadsheets, as formatted, were difficult to digest, or the photocopies were not clear.

Specifically, on April 3, 2018, Defendants' counsel, Mr. Fernandez, wrote to Plaintiffs' counsel to arrange a conference call to address Plaintiffs' objections to Defendants' supplemental discovery responses. On April 5, 2018, having not heard back from Plaintiffs, your undersigned wrote again to Plaintiffs' counsel to ascertain his availability to meet and confer regarding the issues remaining between the parties. In response to your undersigned's inquiry, the parties exchanged emails regarding their respective availability. Notwithstanding the fact that Defendants proffered a date merely three days after Plaintiffs' counsel first responded to Defendants' counsel's request to meet and confer, Plaintiffs filed the instant application. Defendants are by no means denying their initial delays in disclosure. However, Defendants emphatically refute any allegation





that they have not complied with their discovery obligations to the best of their abilities since the last Court conference.

In this vein, and before the instant motions were filed, Defendants offered multiple dates of availability for the parties to meet and confer. Further, since the filing of the motion, both parties have expressed the desire and willingness to discuss the issues that Plaintiffs have expressed and I am confident that we will meet to discuss same next week.

However, for the sake of completeness, I will address some of the issues raised in Plaintiffs' application so that this Court may understand the issues from both sides. The within presentation of Defendants' position should not be construed as an indication that the parties will not be able to find common ground on the issues. Rather, Defendants are merely presenting their position on the issues raised by Plaintiffs.

**Interrogatories 2 and 20 to 21st Century Pharmacy**

Plaintiffs indicate, in their March 29, 2018 correspondence to Defendants, that the formatting of the Excel spreadsheets provided make information contained therein difficult to discern. To the extent feasible, Defendants are more than willing to reformat the spreadsheet provided, once Plaintiffs clarify how they wish it to be displayed. As for Interrogatory 2, which pertains to tax returns, I believe that the parties can easily resolve this issue. Specifically, Defendants addressed all the enumerated issues raised by Plaintiffs regarding the tax returns in Defendants' March 12, 2018 Supplemental Responses. Plaintiffs set forth perceived deficiencies with the Supplemental Responses in their March 19, 2018 correspondence, which was then fully addressed by Defendants in their March 21, 2018 response. However, on March 29, 2018, Plaintiffs raised completely new issues, namely that some of the tax returns provided were missing specific W-2's and/or 1099's. As stated above, since receiving this March 29, 2018 correspondence, Defendants have sought to set up a meet and confer with Plaintiffs to discuss this issue, along with any others that Plaintiffs may have. That being said, Defendants have not objected to providing any portion of any tax return which may have been inadvertently omitted.

**Interrogatories 7 and 8 to 21st Century Pharmacy**

Plaintiffs are not alleging that these demands went unanswered; rather, they have requested clarification of the responses provided. This too is a topic that Defendants are more than willing to discuss when the parties meet and confer. Substantively, the response to Interrogatory 7 contained a typographical error. Specifically, Defendants wrote "Hanford Medical Billing Services, Inc." when the agreement that was provided identified the counter party as "Hanford Cook & Associates." As for Interrogatory 8, it is respectfully submitted that Plaintiffs' objection to Defendants' response is incorrect. Specifically, in Plaintiffs' March 29, 2018 objection to Defendants' responses, Plaintiffs misquote the wording of the interrogatory actually posed. Notwithstanding same, this does not appear to be an issue that the parties cannot work out if afforded the opportunity to meet and confer.

**Interrogatory 9 to 21st Century Pharmacy**

This supplemental interrogatory response is similar to the tax return issue presented above. Specifically, in reply to the supplemental responses, Plaintiffs identify a list of individuals for





whom more information is required. While Defendants provided the additional information requested, the information for one individual was inadvertently omitted. Defendants are presently endeavoring to rectify same.

**Interrogatory 12 to 21st Century Pharmacy**
This interrogatory may be one in which the parties will require the Court's guidance, although a meeting of the parties may vitiate that need. Here, Plaintiffs request that 21st Century Pharmacy "describe any steps taken by you or your employees to determine whether patients received conservative treatment and/or FDA alternative prior to 21st Century dispensing medication and/or durable medical equipment during the relevant treatment period." As stated in both 21st Century's responses and supplemental responses, Defendants are the dispenser of the subject medications and not the prescriber and, as such, Defendants do not have the expertise nor are they in a position to respond to this inquiry. This has been Defendants' enumerated position from the inception of this litigation and said position has not changed. Moreover, Defendants have requested that Plaintiffs provide a good faith basis for posing said question and it is this topic that Defendants believe should be addressed at a meet and confer so perhaps this issue may be put to rest.

**Interrogatory 17 to 21st Century Pharmacy**
Plaintiffs' inquiry pertained to the sources which were utilized by Defendants in the formulation of the compounds ultimately dispensed by 21st Century. This information was provided. However, in their March 29, 2018 correspondence, Plaintiffs requested further supplementation of same. Specifically, Plaintiff requested better identification of the materials utilized. In the few days since receiving this March 29, 2018 correspondence, Defendants have located the enumerated materials and will be providing copies of same to Plaintiffs.

**Interrogatory 22 to 21st Century**
Defendants have fully responded to this inquiry. However, Plaintiffs' March 29, 2018 correspondence changes the very nature of the inquiry. Specifically, the interrogatory requests the "physicians and/or medical facilities to whom 21st Century provided pre-printed forms." However, in their March 29, 2018 correspondence, Plaintiffs object to the response given, claiming that the inquiry actually sought the "individual or entity who provided the forms to the medical providers." It is respectfully submitted that this is an issue that is more appropriately addressed at a meet and confer as the inquiry was only first posed on March 29, 2018.

**Interrogatory 24 to 21st Century**
This interrogatory is similar in nature to Interrogatory 12 as it seeks information which 21st Century is not qualified to provide. Specifically, it reads "how the compounded medication dispensed to Allstate Claimants during the relevant treatment period were uniquely tailored to meet the individual needs of each Allstate Claimant." However, Plaintiffs changed the request in their March 29, 2018 correspondence so as to request the "manufacturers suggestions/formulas." In light of the modification, and after Defendants received clear guidance as the extent of Plaintiffs' demand, this interrogatory should not pose an issue.





**Document Demand 1 to 21st Century**

Plaintiffs' objection to Defendants' supplemental response focuses on the quality of the copies provided, an issue first raised in Plaintiffs' March 29, 2018 correspondence. Defendants will make the copies darker or lighter at Plaintiffs' request and/or provide Defendants' own copies for review when the parties meet and confer. Additionally, Plaintiffs request further supplementation to the response to address "mailing/delivery logs for the period(s) not covered by its present response". Plaintiffs' application to the Court identifies a time period which Defendants will review to rectify any inadvertent omissions.

**Document Demand 5**

Plaintiffs are requesting the profit and loss statement of Defendants. Defendants have provided all the available profit and loss statements, as well as the the bank statements and tax returns of Defendants from all the requested years. While there has been full compliance with this request, Defendants are open to discuss the matter with Plaintiffs to answer any questions they may have regarding the disclosure provided.

**Document Demand 19**

This demand requests "(a)ll documents utilized by you to create, manufacture, and/or produce each of the compounded medications dispensed to Allstate Claimants during the relevant treatment period." In Plaintiffs' March 29, 2018 correspondence, they request some clarification regarding how 21st Century calculated its pricing, which was provided by Defendants in their March 21, 2018 correspondence. However, Plaintiffs, in their March 29, 2018 correspondence, demand "documents pertaining to the creation, manufacture, and production pf compounded medication the 21st Century dispensed to Allstate Claimants". Initially, the removal of "and/or" makes this clarification objectionable as Defendants did not "manufacture" any drugs, which in this context is a term of art with significant distinction. Notwithstanding the verbiage used, Plaintiffs' March 29, 2018 clarification does not remedy the overly broad and ambiguous nature of the demand. It is respectfully submitted that this is an issue ripe for discussion between the parties.

Based upon the foregoing, it is respectfully submitted that Plaintiffs' application should be denied as Defendants have complied with this Court's March 7, 2018 Order and, further, that the parties should continue to meet and confer regarding the exchange of documents. In closing, Defendants would note that the relatively short initial delays in discovery have caused no prejudice to Plaintiffs who, themselves, have not provided all documents which they have represented will be disclosed pursuant to Defendants' Discovery Demands. Thanking the Court for its time and consideration.

Respectfully,
**THE RUSSELL FRIEDMAN LAW GROUP, LLP**

By: /S/ Charles Horn
Charles Horn

cc: Michael W. Whitcher, Esq. (*Via ECF Only*)