**ATTORNEY MICHAEL W. WHITCHER**
*ADMITTED IN MASSACHUSETTS,
MICHIGAN, AND NEW YORK*
MWHITCHER@SMITHBRINK.COM



# SMITH & BRINK, P.C.
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION
WWW.SMITHBRINK.COM

**BRAINTREE**
350 GRANITE STREET
SUITE 2303
BRAINTREE, MA 02184
TEL: (617) 770-2214
FAX: (617) 774-1714

April 25, 2018

**VIA ECF ONLY**
The Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 1217, Courtroom 13-D
Brooklyn, NY 11201

RE: <u>Allstate Insurance Company, et al. v. 21st Century Pharmacy, Inc., et al.</u>
U.S.D.C. for the Eastern District of New York
Civil Action No.: 1:17-cv-03731-WFK-SMG

Dear Magistrate Gold:

Plaintiffs Allstate Insurance Company and its affiliates (collectively, "Allstate" or "Plaintiffs") respectfully submit this letter in accordance with Local Civil Rule 37.3 and this Court's motion practice rules governing discovery disputes. Allstate seeks an order pursuant to Fed. R. Civ. P. 45(c)(2)(B) compelling non-parties New Business Resources Group, Inc. ("New Business Resources"), BK Global, Inc. ("BK Global"), Anturio Marketing, Inc. ("Anturio Marketing"), Tar Group, Inc. ("Tar Group"), TBM Solution, Inc. ("TBM Solution"), NY Collections Services, Inc. ("NY Collections Services"), A&P Holding Group Corp. ("A&P Holding Group"), K&L Consultants, Inc. ("K&L Consultants"), P&K Marketing Services, Inc. ("P&K Marketing Services"), AAA Wholesale, Inc. ("AAA Wholesale"), and ABE Acq, LLC ("ABE Acq") (collectively, "Non-Parties") to comply with a subpoena *duces tecum* ("Subpoena") properly served upon each. While the Non-Parties have responded to the Subpoenas, they did so by asserting a litany of improper objections. The Non-Parties have also failed to produce any responsive documents. Accordingly, Allstate seeks an order compelling the Non-Parties' complete and unqualified responses to the Subpoenas.

## I. PROCEDURAL BACKGROUND

Allstate first sought to obtain discovery from the Non-Parties starting back in November 2017. As demonstrated below, the first of the Subpoenas was served over five (5) months ago, yet no substantive responses have ever been provided.

| Non-Party | Subpoena Date | Service Date | Due Date |
|---|---|---|---|
| Anturio Marketing | 11/20/2017 | 11/22/2017 | 12/4/2017 |
| New Business Resources | 11/20/2017 | 11/27/2017 | 12/4/2017 |
| TAR Group | 11/20/2017 | 11/27/2017 | 12/4/2017 |
| TBM Solutions | 11/20/2017 | 11/27/2017 | 12/4/2017 |
| A&P Holding Group | 12/6/2017 | 12/11/2017 | 12/20/2017 |
| AAA Wholesale | 12/6/2017 | 1/3/2018[1] | 12/20/2017 |
| BK Global | 12/6/2017 | 12/7/2017 | 12/20/2017 |
| K&L Consultants | 12/6/2017 | 1/3/2018 | 12/20/2017 |
| NY Collections Services | 12/6/2017 | 1/3/2018 | 12/20/2017 |
| P&K Marketing Services | 12/6/2017 | 12/7/2017 | 12/20/2017 |

For months following service, none of the Non-Parties offered any responses or objections to the Subpoenas. Having received no responses from these Non-Parties and several others, Allstate petitioned the Court for relief. Following a discovery hearing on March 7, 2017, this Court permitted Allstate to "submit subpoenas to be 'so ordered' by the Court directed to any non-party who has failed to respond to a subpoena issued by counsel." Accordingly, on March 9, 2017, Allstate submitted to this Court subpoenas directed to certain non-parties that had failed to comply with a subpoena properly served on them by Allstate, including A&P Holding Group, AAA Wholesale, ABE Acq, K&L Consultants, New Business Resources, Tar Group, TBM Solution, NY Collections Services, and P&K Marketing Services. *See* ECF No. 30. This Court "so ordered" each of these Subpoenas on March 12, 2018. Each "So Ordered" Subpoena was properly served upon the Non-Parties.[2]

On or about March 13, 2018, Allstate was informed by Attorney Gary Tsirelman that he was retained to represent the Non-Parties in connection with the Subpoenas. Counsel spoke by telephone on March 14, 2018 to discuss the Subpoenas and other issues. During the March 14, 2018 telephone conference, counsel for the Non-Parties was informed that the Subpoenas had been so-ordered by the Court and that responses were due on or before March 30, 2018. At no point during the teleconference or afterwards did counsel raise any issues or objections concerning the materials sought by the Subpoenas.

Then, on or about March 27, 2018, New Business Resources, NY Collections Services, A&P Holding Group, K&L Consultants, P&K Marketing, AAA Wholesale, ABE Acq, and BK Global served Allstate with objections and responses to the Subpoenas. On or about March 29, 2018, Tar Group and TBM Solution served Allstate with objections and responses to the Subpoenas. Upon review of these objections and responses, it became immediately apparent to Allstate that the Non-Parties failed to adequately comply with the Subpoenas. Allstate notified

---

[1] Like many of these Non-Party entities, AAA Wholesale, K&L Consultants, and NY Collections Services exist on paper but have no actual place of business. To obtain service upon these entities, Allstate was required to avail itself of the services offered by the NYS Department of State.

[2] Allstate served Anturio Marketing and BK Global, which were subjects of Allstate's February 23, 2018 motion to compel (ECF No. 25), with a subpoena *duces tecum* on November 22, 2017 and December 7, 2017, respectively.

counsel for the Non-Parties of these deficiencies by letter dated April 6, 2018, and requested that the Non-Parties withdraw their objections and provide complete responses to the Subpoenas on or before April 13, 2018. *See* **Exhibit 1**. Having received no response by April 13, 2018, Allstate, on April 18, 2018, again asked the Non-Parties if they intended to withdraw their objections, supplement their responses, and produce responsive documents. This time, counsel replied to Allstate's inquiry and indicated that while the Non-Parties did not intend to withdraw, supplement, or produce, they would respond to Allstate's April 6, 2018 letter. To date, however, the Non-Parties have not provided any further responses. At this point, Allstate has exhausted its good-faith efforts to resolve these issues with the Non-Parties in accordance with Local Civil Rule 37.3(a) and Fed. R. Civ. P. 37(a)(1).

## II. THE NON-PARTIES SHOULD BE COMPELLED TO FULLY COMPLY WITH THE SUBPOENAS

"Federal Rule of Civil Procedure 45(c)(2)(B) provides that upon failure to properly comply with a subpoena, the party serving the subpoena 'may, upon notice to the person commanded to produce, move at any time for an order to compel production.'" *Lopez v. Meluzio*, 2006 U.S. Dist. LEXIS 93912, *4 (E.D.N.Y. 2006). "As in every discovery context, a motion to compel is entrusted to the sound discretion of the district court." *Liberty Mut. Ins. Co. v. Kohler Co.*, 2010 U.S. Dist. LEXIS 45797, *4 (E.D.N.Y. 2010).

The Non-Parties' deficient Subpoena responses and apparent refusal to remedy these deficiencies represent a flagrant disregard of this Court's orders. Indeed, the Subpoenas served upon A&P Holding Group, AAA Wholesale, ABE Acq, K&L Consultants, New Business Resources, Tar Group, TBM Solution, NY Collections Services, and P&K Marketing Services were "so ordered" by this Court, and the Subpoenas served upon Anturio Marketing and BK Global were the subject of this Court's March 7, 2018 order to "produce all documents called for that bear upon the non-parties' interactions, transactions or relationships with defendants." *See* ECF No. 29. The Non-Parties thus were duly notified of their obligations to fully comply with the Subpoenas. *See NXIVM Corp. v. Bouchey*, 2011 U.S. Dist. LEXIS 123137, *8-9 (N.D.N.Y. Oct. 24, 2011) ("[Court] intervention serves to alert the offending party to the seriousness of its non-compliance and permits judicial scrutiny of the discovery request." (quoting *Daval Steel Prods., A Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364-65 (2d Cir. 1991)). Therefore, Allstate respectfully requests that the Non-Parties and their counsel be warned of the consequences that may arise (e.g., imposition of sanctions) if they continue to flout this Court's authority. *See id.* (holding that non-party's actions in "flouting of a legitimate order of this court cannot be overlooked and warrants the imposition of some consequences in order to vindicate the court's authority.").

### A. THE NON-PARTIES SHOULD BE ORDERED TO WITHDRAW THEIR IMPROPER OBJECTIONS

The Non-Parties have improperly interposed identical general and specific boilerplate objections to Allstate's document requests. The Non-Parties have also failed to explain or provide any support for their objections, thus rendering their responses invalid. *See Convermat Corp. v.*

*St. Paul Fire & Marine Ins. Co.*, 2007 U.S. Dist. LEXIS 69102, *4 (E.D.N.Y. Sept. 18, 2007) (prohibiting blanket objections on the basis of relevance, burden, oppression, or breadth without "specifically" explaining "how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *see also Leibovitz v. City of New York*, 2017 U.S. Dist. LEXIS 15662, *5-6 (S.D.N.Y. Feb. 3, 2017) ("[I]n responding to a subpoena duces tecum, 'general or boiler-plate [or unsupported] objections' are prohibited[.]" (quoting *Orix USA Corp. v. Armentrout*, 2016 U.S. Dist. LEXIS 100617 (N.D. Tex. Aug. 1, 2016)); *Allstate Ins. Co. v. Kirshner*, 2015 U.S. Dist. LEXIS 74223, *14 (D. Conn. June 9, 2015) (granting plaintiffs' motion to compel based on defendant's objection to a discovery request that did "no more than object on the basis of the requests being too 'broad' and 'vague[.]'").

Even if they were properly asserted, the Non-Parties' objections still lack merit because Allstate's requests are specific, proportional, and narrowly-tailored to discover relevant information and documents. Each of the Subpoenas seeks documents relevant to both 21st Century Pharmacy, Inc.'s ("21st Century") and Albert Alishayev's ("Alishayev") (collectively, "defendants") relationships with the Non-Parties, and the business transacted between them. Given the defendants' responses to date, the discovery sought by the Subpoenas is necessary. For example, even though the defendants have clear and continuous connections with the Non-Parties, both the defendants and the Non-Parties have, in several cases, failed to substantiate their relationships and the transactions engaged in between them. Accordingly, each Non-Party is a fair target for discovery, and compliance with the Subpoenas is necessary to permit Allstate to evaluate the purpose and legitimacy of the relationships between the defendants and the Non-Parties.

Moreover, despite the Non-Parties' objections, the Subpoenas are proportional to the needs of the case, especially where the Non-Parties, collectively, have collected well over $1,000,000.00 through transactions with the defendants. The Subpoenas are also narrowly tailored to seek relevant documents regarding the Non-Parties' relationships, interactions, and transactions with the defendants during the period of January 1, 2013 to the present. Given the specific materials sought from the Non-Parties, this Court should reject the Non-Parties' objections that the Subpoenas are disproportional and overbroad. Additionally, the Non-Parties should not be allowed to object on the basis that the Subpoenas are "redundant" because requested documents are already in Allstate's possession. *See Carling v. Peters*, 2011 U.S. Dist. LEXIS 92952, *4 (S.D.N.Y. Aug. 19, 2011). This objection fails because the defendants, to date, have failed to provide adequate responses to Allstate's requests about these Non-Parties. As a result, Allstate must seek discovery of these materials from the Non-Parties. Also, to the extent that the defendants have actually provided responsive materials, Allstate still seeks this discovery from the Non-Parties to compare or corroborate the materials disclosed by the defendants. Overall, the Non-Parties cannot withhold documents merely because they think Allstate might have already received some or all of the materials sought by the Subpoenas.

Finally, the Non-Parties' general objection stating that they will not produce documents until a confidentiality agreement has been reached is wholly without merit. On November 17, 2017, this Court approved and entered as an Order of the Court, the Stipulation of Confidentiality and Protective Order reached by the parties in the above-referenced matter. *See* ECF No. 21. Therefore, based on the foregoing, Allstate requests that the Non-Parties be ordered to withdraw

their improper objections, and produce all responsive documents in their possession, custody, or control.

> **B.     THE NON-PARTIES SHOULD BE ORDERED TO PRODUCE THE RELEVANT DOCUMENTS SOUGHT BY THE SUBPOENAS**

"A subpoena issued to a non-party pursuant to Rule 45 is 'subject to Rule 26(b)(1)'s overriding relevance requirement.'" *Snider v. Lugli*, 2011 U.S. Dist. LEXIS 127855, *7 (E.D.N.Y. 2011). "'Relevance' under Rule 26 is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see Giugliano v. FS2 Capital Partners, LLC*, 2016 U.S. Dist. LEXIS 45925, *7 n.2 (E.D.N.Y. Mar. 31, 2016) (explaining that "[u]nder the amended Rule [26], relevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense."). Here, the Subpoenas easily satisfy Rule 26(b)(1)'s liberal relevancy requirement because they seek documents bearing directly upon the operation and management of 21st Century. However, the Non-Parties respond to nearly every document request by stating that each is not in possession, custody, or control of responsive documents. As explained below, discovery conducted to date indicates that the Non-Parties do, in fact, have responsive documents in their possession, custody, or control, particularly with respect to financial records. Therefore, Allstate requests that the Non-Parties be ordered to produce all documents in their possession, custody, or control that are responsive to Allstate's requests, including documents bearing upon the Non-Parties' interactions, transactions, or relationship with the defendants.

> **1.     A&P Holding Group**

A&P Holding Group claims that it is not in possession, custody, or control of any responsive documents, including those related to transactions with 21st Century. A copy of A&P Holding Group's written Subpoena response is attached hereto as **Exhibit 2**. These responses are demonstrably inaccurate because A&P Holding Group has received payments totaling over $85,896.00 directly from 21st Century. Because A&P Holding Group clearly maintained a relationship with the defendants and engaged in several transactions with them, evidence of such payments should be within in its possession, custody, and control. At the very least, even if responsive documents are not presently within its possession, custody, or control, A&P Holding Group should be required to (1) identify any persons or entities that may have responsive materials, (2) disclose whether documents once existed but have been destroyed (and explain the circumstances of their destruction), and/or (3) certify the steps undertaken to search for responsive materials. Without this additional information, A&P Holding Group's present answer is non-responsive.

In addition to these deficiencies, there are other reasons why the requests to A&P Holding Group are relevant. First, A&P Holding Group engaged in transactions with Express Billing and Collection, Inc., an entity that also has connections to the defendants. Indeed, Express Billing and Collection, Inc. is owned by Iris Itskhakov, and Itskhakov is both the wife of Defendant Alishayev and an employee of 21st Century. Second, the president of A&P Holding Group is Peter Khaimov,

and Khaimov is the owner/operator of several of the Non-Parties at issue in this motion. Khaimov also appears to have maintained a close relationship to the defendants during the relevant period. Accordingly, given A&P Holding Group's clear connections to the defendants, their family members, and their close associates, A&P Holding Group should be ordered to withdraw its objections, and then provide substantive answers and responsive documents in connection with the subjects covered in the Subpoena.

### 2. AAA Wholesale

AAA Wholesale claims that is does not have possession, custody, or control of any responsive documents, including agreements and documents related to transactions with 21st Century. A copy of AAA Wholesale's written Subpoena response is attached hereto as **Exhibit 3**. Allstate contends that AAA Wholesale's response is incomplete and its objections are meritless, especially where 21st Century made payments to AAA Wholesale totaling over $77,300.00 during the relevant period, and because a loan agreement existed between AAA Wholesale and 21st Century under which AAA Wholesale loaned monies to 21st Century in excess of the terms of the agreement. Similar to A&P Holding Group, given AAA Wholesale's relationship and transactions with 21st Century, responsive documents should be within in its possession, custody, and control. At the very least, even if responsive documents are not presently within its possession, custody, or control, AAA Wholesale should be required to (1) identify any persons or entities that may have responsive materials, (2) disclose whether documents once existed but have been destroyed (and explain the circumstances of their destruction), and/or (3) certify the steps undertaken to search for responsive materials. Without this additional information, AAA Wholesale's present answer is non-responsive. Additionally, AAA Wholesale is owned/operated by Arkadiy Khaimov, who is a close relative of Peter Khaimov, and an owner of other Non-Party entities at issue in this motion. Accordingly, given AAA Wholesale's clear connections to the defendants and their close associates, AAA Wholesale should be ordered to withdraw its objections, and then provide substantive answers and responsive documents in connection with the subjects covered in the Subpoena.

### 3. ABE Acq

ABE Acq claims that it is not in possession, custody, or control of any responsive documents, including those related to its transactions with 21st Century. A copy of ABE Acq's written Subpoena response is attached hereto as **Exhibit 4**. ABE Acq's response is demonstrably incomplete and its objections are meritless for several reasons. First, 21st Century made payments to ABE Acq totaling over $179,000.00 during the relevant period. Second, the defendants' discovery responses indicate that ABE Acq provided office construction services to 21st Century, but no supporting documents have been provided to substantiate these services or the payments exchanged between 21st Century and ABE Acq. Similar to the other Non-Parties at issue in this motion, given ABE Acq's relationship and transactions with 21st Century, responsive documents should be within in its possession, custody, and control. At the very least, even if responsive documents are not presently within its possession, custody, or control, ABE Acq should be required to (1) identify any persons or entities that may have responsive materials, (2) disclose whether documents once existed but have been destroyed (and explain the circumstances of their

destruction), and/or (3) certify the steps undertaken to search for responsive materials. Without this additional information, ABE Acq's present answer is non-responsive. Additionally, ABE Acq is owned/operated by Arkadiy Khaimov, who is the owner/operator of AAA Wholesale and a close relative of Peter Khaimov. Accordingly, given ABE Acq's clear connections to the defendants and their close associates, ABE Acq should be ordered to withdraw its objections, and then provide substantive answers and responsive documents in connection with the subjects covered in the Subpoena.

### 4. K&L Consultants

K&L Consultants claims that it is not in possession, custody, or control of any responsive documents, including those related to its transactions with 21st Century. A copy of K&L Consultants' written Subpoena response is attached hereto as **Exhibit 5**. Like the other Non-Parties, K&L Consultants' answers are not correct and its blanket objections are meritless. For example, 21st Century made payments to K&L Consultants totaling over $172,000.00 during the relevant period, yet the defendants, to date, have not disclosed the nature of the 21st Century-K&L Consultants relationship or the purpose of the payments exchanged between them. Given the relationship and volume of transactions, responsive documents should be within K&L Consultants' possession, custody, and control. Even if responsive documents are not presently within its possession, custody, or control, K&L Consultants should be required to (1) identify any persons or entities that may have responsive materials, (2) disclose whether documents once existed but have been destroyed (and explain the circumstances of their destruction), and/or (3) certify the steps undertaken to search for responsive materials. Without this additional information, K&L Consultants' present answer is non-responsive. In terms of additional relevance, Peter Khaimov is the owner/operator of K&L Consultants. Accordingly, given K&L Consultants' clear connections to the defendants and their close associates, K&L Consultants should be ordered to withdraw its objections, and then provide substantive answers and responsive documents in connection with the subjects covered in the Subpoena.

### 5. New Business Resources Group

New Business Resources Group claims that it is not in possession, custody, or control of any responsive documents, including those related to its transactions with 21st Century. A copy of New Business Resources Group's written Subpoena response is attached hereto as **Exhibit 6**. Here, New Business Resources Group's answers are not correct and its blanket objections are meritless. During the relevant period, 21st Century made payments to New Business Resources Group totaling over $228,000.00. Moreover, the defendants' discovery responses indicate that New Business Resources Group provided marketing and consulting services to 21st Century, yet the defendants have failed to produce any documents to substantiate this relationship or to support the payments exchanged between the parties other than copies of cancelled checks. Given the relationship and volume of transactions, responsive documents should be within New Business Resources Group's possession, custody, and control. Even if responsive documents are not presently within its possession, custody, or control, New Business Resources Group should be required to (1) identify any persons or entities that may have responsive materials, (2) disclose whether documents once existed but have been destroyed (and explain the circumstances of their

destruction), and/or (3) certify the steps undertaken to search for responsive materials. Without this additional information, New Business Resources Group's present answer is non-responsive. In terms of additional relevance, as an entity that provided marketing services to 21st Century, the discovery sought from New Business Resources Group is relevant to Allstate's allegations regarding the provision of prescriptions pursuant to unlawful financial arrangements. *See* ECF No. ¶¶ 123-142. Additionally, the owner/operator of New Business Resources Group is Peter Khaimov, who owns several of the other entities at issue in this motion. Accordingly, given New Business Resources Group's clear connections to the defendants and their close associates, New Business Resources Group should be ordered to withdraw its objections, and then provide substantive answers and responsive documents in connection with the subjects covered in the Subpoena.

### 6. **Tar Group and TBM Solution**

Tar Group and TBM Solution each claim that they are not in possession, custody, or control of responsive documents, including those related to their transactions with 21st Century. Copies of Tar Group's and TBM Solution's written Subpoena responses are attached hereto as **Exhibits 7-8**. The answers provided by Tar Group and TBM Solution are not correct, and their blanket objections are meritless. During the relevant period, 21st Century made payments to Tar Group totaling over $142,900.00, and made payments to TBM Solution totaling over $195,700.00. Additionally, both companies maintained pharmacy consulting agreements with 21st Century, yet neither the defendants nor these Non-Parties have produced anything to substantiate these relationships or to support the purpose of the payments exchanged, other than copies of cancelled checks that generally do not even reference the reason for the payment. Given the relationships and volume of transactions with 21st Century, responsive documents should be within Tar Group's and TBM Solution's possession, custody, and control. Even if responsive documents are not presently within their possession, custody, or control, these entities should be required to (1) identify any persons or entities that may have responsive materials, (2) disclose whether documents once existed but have been destroyed (and explain the circumstances of their destruction), and/or (3) certify the steps undertaken to search for responsive materials. Without this additional information, Tar Group's and TBM Solution's present answers are non-responsive. In terms of additional relevance, the owner/operator of Tar Group and TBM Solution is Tariel Begiyev, an individual with close business connections to Peter Khaimov. Accordingly, given Tar Group's and TBM Solution's clear connections to the defendants and their close associates, Tar Group and TBM Solution should be ordered to withdraw their objections, and then provide substantive answers and responsive documents in connection with the subjects covered in the Subpoenas.

### 7. **BK Global**

BK Global claims that it is not in possession, custody, or control of any responsive documents, including those related to its transactions with 21st Century. A copy of BK Global's written Subpoena response is attached hereto as **Exhibit 9**. BK Global's answers are demonstrably incorrect/inaccurate and its objections are meritless for several reasons. For example, during the relevant period, 21st Century made payments to BK Global totaling over $170,000.00. Moreover,

while BK Global holds itself out as a wholesaler of "women's cosmetics," nothing produced by the defendants substantiates such a volume of women's cosmetics transactions between 21st Century and BK Global. However, given the volume of these payments, responsive documents should be within BK Global's possession, custody, and control. Even if responsive documents are not presently within its possession, custody, or control, BK Global should be required to (1) identify any persons or entities that may have responsive materials, (2) disclose whether documents once existed but have been destroyed (and explain the circumstances of their destruction), and/or (3) certify the steps undertaken to search for responsive materials. Without this additional information, BK Global's present answer is non-responsive. In terms of additional relevance, BK Global's owner/operator is Boris Khaimov, who is closely related to Peter Khaimov and Arkadiy Khaimov. Boris Khaimov has also been disclosed as a "driver" and "technician" formerly employed by 21st Century. Accordingly, given BK Global's clear connections to the defendants, their former employees, and their close associates, BK Global should be ordered to withdraw its objections, and then provide substantive answers and responsive documents in connection with the subjects covered in the Subpoena.

### 8. Anturio Marketing and P&K Marketing

Anturio Marketing claims that it is not in possession, custody, or control of responsive documents, with the exception of written agreements and bills/invoices submitted to 21st Century. Meanwhile, P&K Marketing claims that it is not in possession, custody, or control of any responsive documents, including those related to its transactions with 21st Century. Copies of Anturio Marketing's and P&K Marketing's written Subpoena responses are attached hereto as **Exhibits 10-11.** The answers provided by Anturio Marketing and P&K Marketing are incomplete and incorrect, and their blanket objections are meritless. For example, Anturio Marketing entered into a loan agreement with 21st Century, but no agreement has been produced in response to the Subpoena. In addition to this agreement, the parties have engaged in numerous transactions, with Anturio Marketing paying 21st Century over $178,000.00 during the relevant period, and 21st Century paying Anturio Marketing over $492,000.00 during the same period.[3] With respect to P&K Marketing, it received at least $10,233.45 in payments from 21st Century during the relevant period. While the defendants have acknowledged at least one payments between 21st Century and P&K Marketing, they have not been able to explain the relationship or the purpose of the payment(s). Given the extensive relationships and transactions among the defendants and these Non-Parties, responsive documents—such as communications, marketing documents, etc,—should be within Anturio Marketing's and P&K Marketing's possession, custody, and control. Even if responsive documents are not presently within their possession, custody, or control, these entities should be required to (1) identify any persons or entities that may have responsive materials, (2) disclose whether documents once existed but have been destroyed (and explain the circumstances of their destruction), and/or (3) certify the steps undertaken to search for responsive materials. Without this additional information, Anturio Marketing's and P&K Marketing's present answers are non-responsive. In terms of additional relevance, as entities that provided marketing services to 21st Century, the discovery sought from Anturio Marketing and P&K Marketing is

---

[3] The total payments made by 21st Century to Anturio Marketing includes payments totaling over $160,000.00 that 21st Century made to Logic Consulting, the assumed business name of Anturio Marketing.

relevant to Allstate's allegations regarding the provision of prescriptions pursuant to unlawful financial arrangements. *See* ECF No. ¶¶ 123-142. Additionally, the owner/operator of Anturio Marketing and P&K Marketing is Peter Khaimov, who owns several of the other entities at issue in this motion, and who is closely related to the owners/operators of many others.[4] Accordingly, given Anturio Marketing's and P&K Marketing's clear connections to the defendants and their close associates, Anturio Marketing and P&K Marketing should be ordered to withdraw their objections, and then provide substantive answers and responsive documents in connection with the subjects covered in the Subpoenas.

### 9. NY Collections Services

NY Collections Services claims that it is not in possession, custody, or control of any responsive documents, except for bills/invoices submitted to 21st Century (which NY Collections Services has yet to produce). A copy of NY Collections Services' written Subpoena response is attached hereto as **Exhibit 12**. The answers and objections provided by NY Collections Services are incorrect and meritless for several reasons. For example, 21st Century made payments to NY Collections Services totaling over $42,000.00 during the relevant period. Moreover, 21st Century has responded to discovery stating that NY Collections Services provided billing services to 21st Century pursuant to a verbal agreement, but few details of this agreement have been provided. Additionally, the defendants have produced emails showing communications between the defendants and NY Collections Services, yet no communications have been provided in response to the Subpoena. Given the relationship, transactions, and communications between the defendants and NY Collections Services, responsive documents should be within NY Collection Services' possession, custody, and control. Even if responsive documents are not presently within its possession, custody, or control, NY Collection Services should be required to (1) identify any persons or entities that may have responsive materials, (2) disclose whether documents once existed but have been destroyed (and explain the circumstances of their destruction), and/or (3) certify the steps undertaken to search for responsive materials. Without this additional information, NY Collection Services' present answer is non-responsive. In terms of additional relevance, NY Collections Services' owner/operator is Oksana Politlova. Notably, Politlova has been disclosed a "manager" of 21st Century, and Politlova also appears to have a close personal relationship to Peter Khaimov.[5] Accordingly, given NY Collections Services' clear connections to the defendants, 21st Century's employees, and the defendants' close associates (i.e., Peter Khaimov), NY Collections Services should be ordered to withdraw its objections, and then provide

---

[4] The failure to identify or produce communications with the defendants should also not be allowed since documents produced by the defendants contain evidence of email communications between Peter Khaimov and the defendants during the time the 21st Century-Anturio Marketing agreement was in effect. Allstate asks that these Non-Parties, and all other Non-Party entities owned/operated by Peter Khaimov, be compelled to search for and then produce all communications had with Alishayev, 21st Century, and 21st Century's employees and contractors during the relevant period.

[5] Like Anturio Marketing, NY Collections Services should not be permitted to object and then refuse to disclose communications with the defendants since documents produced by the defendants show email communications between 21st Century employees and NY Collections Services. Accordingly, Allstate asks that NY Collections Services be compelled to search for and then produce all communications had with Alishayev, 21st Century, and 21st Century's employees and contractors during the relevant period.

substantive answers and responsive documents in connection with the subjects covered in the Subpoena.

### C. THE NON-PARTIES SHOULD BE ORDERED TO PRODUCE ALL RESPONSIVE DOCUMENTS IN THE MANNER REQUESTED

The Non-Parties' Subpoena responses each indicate that "any documents or materials produced will be available for inspection by appointment at the offices of Gary Tsirelman, P.C." However, each Subpoena, in accordance with Fed. R. Civ. P. 45(a)(1)(A)(iii), commands the Non-Parties to produce the requested documents at Smith & Brink, P.C.'s office located at 1325 Franklin Ave, Suite 320, Garden City, NY. *See also* Fed. R. Civ. P. 45(c)(2)(A) (providing that "[a] subpoena may command…production of documents…at a place within 100 miles of where the person resides, is employed, or regularly transacts business."). Therefore, the Non-Parties cannot restrict Allstate to inspection of responsive documents, as Allstate is entitled to production of responsive documents under Rule 45. Accordingly, when the Non-Parties are ordered to withdraw their objections, supplement their answers, and provide responsive documents, they should also be ordered to produce the answers and documents in the manner called for in the Subpoenas.

### III. CONCLUSION

Simply put, the Non-Parties have not fully responded to the Subpoenas, and they have failed to engage Allstate in its attempts to secure their supplemental/corrected responses. As demonstrated above, the Non-Parties have clear connections to the defendants, and the Subpoenas seek relevant and discoverable materials. To date, the Non-Parties have offered nothing more than generalized, non-specific responses and objections. And from what has been provided so far, Allstate cannot determine the nature and existence of materials that have been withheld. Because the Subpoenas have already been "so-ordered" by this Court, the Non-Parties must provide complete responses or specific reasons why complete responses cannot be provided. The Non-Parties have done neither. Accordingly, Allstate respectfully requests that the Non-Parties be compelled to fully respond to the Subpoenas. Allstate further requests that the Non-Parties be warned that their continued failure to fully comply with the Subpoena may result in the imposition of sanctions against them.

Respectfully submitted,

*/s/ Michael W. Whitcher*

Michael W. Whitcher (MW7455)

cc: All parties (via ECF filing only)
All Non-Parties through counsel, Gary Tsirelman (via overnight mail)

Encl. (Exhibits 1-12)