**THE RUSSELL FRIEDMAN LAW GROUP, LLP**

CHARLES HORN
PARTNER
DIRECT TEL.: 516.355.9694
DIRECT FAX: 516.355.9667
CHORN@RFRIEDMANLAW.COM

May 11, 2018

**VIA ECF**
Hon. Steven M. Gold
United States District Court
Eastern District New York
225 Cadman Plaza
Brooklyn, New York 11201

    Re.:    *Allstate Ins. Co., et al. v. 21st Century Pharmacy, Inc. et al.*
             17-CV-3731 (WFK)(SMG); File No.: L2597

Dear Judge Gold:

       The Russell Friedman Law Group, LLC represents Defendants in connection with the above-referenced matter. Please accept this correspondence in compliance with this Court's directive of April 17, 2018 for identification of any unresolved discovery issues which exist between the parties. To facilitate the Court's analysis of the contents of this correspondence, it has been segregated utilizing the same headings as Plaintiffs' May 3, 2018 status report.

**Request for Production 1-2 and 21-23 to Alishayev**
       These discovery demands were discussed at length between the parties. Specifically, discussed between the parties was the fact that Plaintiffs believed that there must be more emails than that which were previously provided. On May 3, 2018, Plaintiffs sent a correspondence with detailed search parameters to explore whether there are other emails which were not uncovered with all of Defendants' previous searches' responsive correspondence. Defendants are presently conducting searches based upon same. Once completed, the product of these searches will be reviewed (redacted if necessary) and copies provided to Plaintiffs. In light of these new and voluminous request search parameters which encompass 26 sender accounts; 148 recipient accounts; 227 separate search terms; the need for copying, review for duplication/possible privileged information and possible redactions, Defendants would request 30 days to conduct these new searches and produce copies of same to Plaintiffs.

**Alishayev Interrogatories**
       The first discovery issue raised by Plaintiffs mirrors that which is set forth above regarding the emails of 21st Century, *i.e.* Plaintiffs have requested that an extensive new search be conducted to ensure that all responsive emails are provided. Defendants have no objection to conducting same, but only ask that Defendants are granted the requisite time to complete same, *i.e.* 30 days.



**Interrogatories 9-10**

Plaintiffs raise the issue of Alishayev's response to these interrogatories citing they that they require more information regarding New Business Resources Group. Defendant has previously indicated that New Business Resources Group Inc. provided marketing and consulting services to 21st Century. There was no written agreement that Defendants possess and, further, that Defendants do not have any specific recollection of any written agreement having ever existed by and between the relevant parties. The individual who represented 21st Century was Albert Alishayev and the individual who represented New Business Resources Group, Inc was Peter Khaimov.

Plaintiffs also state that "defendant disclosed Martinez Silverio Consulting, LLC as an entity that provided marketing services, yet no information about this agreement has been provided." On May 2, 2018, Defendant responded to this inquiry by stating "Martinez Silverio Consulting LLC performed marketing services for 21st Century as an independent contractor from approximately January 2015 through November 2015. Recently, he was hired (within the last 30 days) as a W-2 to perform marketing services." Additionally, all of Mr. Martinez's employment records have been provided and there was never any written agreement for the period of time Mr. Martinez was an independent contractor.

Finally, as part of the parties' recent discussions, and in order to address many of Plaintiffs' inquiries, Defendants have agreed to provide a breakdown of any monies which were loaned to 21st Century and any monies loaned by 21st Century. However, this concession was made with the expressed understanding that it would take Defendants some time to go through all the applicable records and ensure that the information relayed was complete and accurate. At this time, Defendants would ask that the timeframe for this run concurrently with the production of the newly requested email search parameters requested by Plaintiffs on May 3, 2018. Specifically, Defendants request 30 days to effectuate same.

**21st Century Interrogatories**

Plaintiffs, in their May 3, 2018 letter to the Court, demand that "21st Century produce W-2 for 2012-2013 and 1099 for 2012" or explain "how or why it does not have possession, custody or control of these documents." The reason 21st Century has not produced these documents is that they do not exist nor have they ever. 21st Century was only formed in late 2013 and did not start providing services until 2014.

Further, Plaintiffs address a list of "apparent employees or contractors" for whom they are requesting information. Since receiving this list on April 25, 2018, Defendants have been attempting to secure the requested information. There was initially some confusion on the part of Defendants when conducting this search as individuals identified as "apparent employees", such as Nathan Pinkhaov and Rima Nayberg, are attorneys and have never been employed by 21st Century. Further, "Beth Gavriel" is a synagogue. Notwithstanding same, Defendants are culling through the discovery which has already been provided and comparing same to the "apparent employees" identified by Plaintiffs and will provide same. For the sake of uniformity, it is respectfully requested that the deadline for clarification/production of this inquiry be set concurrently with the previously requested deadlines (30 days).



### 21st Century Interrogatory 12

Interrogatory 12 is the only discovery demand which the parties have simply been unable to bridge the gap between our respective positions. Specifically, with this discovery demand, Plaintiffs demand that 21st Century "describe any steps taken by you or your employees to determine whether patients received conservative treatment and/or FDA alternative prior to 21st Century dispensing medication and/or durable medical equipment during the relevant treatment period." This inquiry has been discussed thoroughly by and between the parties. Defendants' response to this inquiry (sans objections) is as follows:

> Responding Defendant is a pharmacy and, therefore, it is not within its purview to analyze whether a patient has "received conservative treatment" prior to the rendering of its Pharmacy services nor is Plaintiffs' use of the term "conservative treatment" specific enough to provide an accurate response. Finally, Responding Defendant is unable to formulate an answer to the portion of Plaintiffs' inquiry which references an "FDA alternative" as the term is unfamiliar in the articulated context. Prior to dispensing pharmaceuticals, it is the practice of 21st Century to secure demographic information regarding the prescription recipient, as well as a history of allergies which is prompted by the MicroMerchant program utilized by Defendant, 21 Century Pharmacy.

Initially, the interrogatory is vague by its own terms. For instance, is "relevant treatment period" the same timeframe as "conservative treatment" period or is it the length of the prescription or perhaps something else entirely. Notwithstanding the confusing verbiage used, as it has been articulated to Plaintiffs during our meet and confer(s), that it is Defendants' position that this inquiry is inappropriately posed to a pharmacy. Defendants are not "treating" the recipients of its pharmaceuticals, nor are Defendants qualified to determine whether the previous medical treatment rendered to its customers can be characterized as medically "conservative." As shown in our response, Defendants set forth the steps that are taken prior to dispensing a prescription. While Defendants understand Plaintiffs' reasoning for the inquiry, it is respectfully submitted that it inappropriate in light of the circumstances.

### 21st Century Document Production 1 and 13

As set forth in Plaintiffs' response, Defendants have provided all existing delivery logs. During our meet and confer, the parties had agreed that Defendants would to provide all the delivery logs and that has occurred. Since receiving Plaintiffs' May 3, 2018 correspondence to the Court, Defendants are conducting a search for any documents which could be responsive to this demand and remain open to any input from Plaintiffs in this regard. For the sake of uniformity, Defendants would request, to the extent that any such documents are found, that the production of same run with the other supplemental responses addressed herein.

### Plaintiff's Outstanding Responses

Although not specifically requested by the Court, please be advised that there are outstanding discovery demands and issues involving many of Plaintiffs' responses to Defendants'



May 11, 2018
Letter to Judge Gold
Page 4

discovery demands. Those issues are the subject matter of written exchanges by and between the parties and will be brought to the Court's attention if we are unable to find common ground.

Thank you for your time and consideration in this regard

Respectfully yours,
THE RUSSELL FRIEDMAN LAW GROUP, LLP

By: /S/ Charles Horn
Charles Horn

cc: Michael W. Whitcher, Esq. (*Via ECF Only*)
Smith & Brink, LLP
*Attorneys for Defendants*